*Moss, for appellant.*

---

## COMMONWEALTH *v.* GEORGE THOMPSON, ET AL.

**Criminal Law—False Pretenses.**
> Before one can be convicted of violating the statute against obtaining property by false pretenses, it must be shown that the false pretenses or statements made were as to a fact in the past or present, and not of something to be done in the future; and it must be shown that those parting with their property had no knowledge of the falsity of the statements made.

APPEAL FROM HENRY CRIMINAL COURT.

September 4, 1878.

OPINION BY JUDGE PRYOR:

The promise by the appellees that the horse should be paid for out of money then in bank and belonging to appellees as soon as the note fell due, being an agreement to do some future act, was not such a pretense or misrepresentation as would authorize a conviction. It must be a false statement as to some fact occurred or existing to hold the party making it responsible. In this case, however, it is charged that the appellees represented at the time they obtained the property that the money was then in bank; that this statement was false and known so to be by the appellees at the time, and made for the fraudulent purpose of obtaining Black's property, and by reason of which false statements the property was delivered; and this allegation, if true, made the offense complete in the event the party defrauded believed the representations to be true. The mere statement that, by reason of said false pretenses, the appellees obtained the horse, is not sufficient. The want of knowledge as to the falsity of the statements made, being an essential ingredient of the offense, must be specifically averred. Secs. 2126-2129, Wharton's Criminal Law. The demurrer was therefore properly *sustained*.

*Moss, for appellant.*